BAIRD v. HARRINGTON.

(Division A. April 14, 1947.)

[30 So. (2d) 82. No. 36422.]

Everett & Sanders, of Indianola, for appellant.

Barnett, Barnett, Jones & Stone, of Jackson, and **B. B. Allen** and **J. M. Forman**, both of Indianola, for appellee.

Argued orally by **F. E. Everett** and **J. Stonny Sanders**, for appellant, and by **Ross R. Barnett** and **John E. Stone**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

A judgment for damages, in the sum of $7,500, on account of personal injuries sustained by appellee, E. C. Harrington, was rendered in the trial court against the appellant, Mrs. M. L. Baird, whose servant and employee entered upon a through paved highway, while driving a truck about the business of his employer on a plantation, and at a time when a motorcycle on which appellee was riding along the through highway had approached "so closely on said through highway [to the intersection] as to constitute an immediate hazard," as prohibited by Chapter 200, Laws of 1938, Section 8197, Code of 1942.

The plaintiff was the only eyewitness who testified to the facts and circumstances in connection with the accident, and in our opinion the jury was warranted in finding from his testimony that he was guilty of some negligence, without regard to whether he was on an emergency call and proceeding under the conditions prescribed by Section 8199, Code of 1942, and also that the negligence of the driver of the truck likewise contributed to the accident as a proximate cause thereof. The jury was authorized by an instruction to mitigate the damages in proportion to the extent it may have believed from the evidence the negligence of the plaintiff had contributed thereto, and we think it is clear that the jury followed this instruction in arriving at the amount of the judgment appealed from, because if the jury had not found the plaintiff also guilty of negligence a verdict in a much larger amount would have been justified, since the expense of his hospital bills, medical fees, etc., alone amounted to approximately $4,000.

We have carefully considered our former decisions, rendered both before and after the passage of the statute here involved, defining and limiting the rights of a motorist on a right-of-way thoroughfare, in the light of all the testimony, the details of which it is unnecessary to here relate, and have reached the conclusion that the judgment of the trial court should be affirmed; that the

case is controlled by what is said in the first paragraph of this opinion in the light of all the facts; and that the instructions, when considered as a whole, fairly state the law of the case.

Affirmed.